Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $8,680, upon the charter-party of the steamboat J. A. Stevens, bearing date the 31st December, 1862.
There are two causes of action alleged in the petition. The first is the reduction by the Quartermaster General of the charter rate of the steamboat from $120 a day to $80 from the 1st May, 1863, to the 24th November; the second is for the further reduction to $60 a day from the 24th November to the 1st December.
As to the first cause of action, a majority of the court are agreed that the claimant voluntarily allowed his boat to remain in the service after notice of the reduction ordered by the Quartermaster General. Therefore the case is within the rule laid down in Clyde’s Case, (ante, p. 13o,) and the claimant should not recover.
As to the second cause of action, I am unable to perceive the slightest distinction between it and the case of Spear and Lang, brought for the services of the Maple Leaf, (ante, p. 166,) except that in that case the action of the Quartermaster’s Department was slightly more illegal than it has been in this. There the order of the Quartermaster General was retroactive in terms; here it is merely ex post facto in effect. But the majority of my brethren who pronounced judgment against the owners in Spear axid Lang’s Case, perceive a difference between the *234 two oases, and agree with me in thinking the owners should recover for the moneys withheld before notice of reduction. My own reasons for the decision are fully and precisely stated in my dissenting opinion in that case.
The judgment of the court is that the claimant recover on the second cause of action $130; and that as to the first cause of action the petition be dismissed.